JOHN McHENRY, Respondent, v. HENRY M. MOORE and
JOHN S. MURRAY, Appellants.

A Court can interfere and set aside the report of a referee, upon the same ground
as it will proceed to set aside the verdict of a jury.

In a suit in chancery it is perfectly competent for the Judge who tried
the cause, after exceptions have been filed to the report of a referee upon the
facts, and the report set aside for cause shown, to take up the testimony re-
ported by the referee, find the facts, and render a decree in the cause.

Where there is a large mass of contradictory evidence reported, it will be pre-
sumed that the Court below weighed the evidence properly, in setting aside
the finding of the facts by the referee.

APPEAL from the District Court of the Tenth Judicial District, Ne-
vada County.

The facts will be found distinctly stated in the opinion of the Court.

*Alexander Anderson*, for Appellant.

The decision of referees upon a question of fact, will be regarded on
appeal as conclusive as the verdict of a jury, and will not be interfered
with. Gunter v. Sanches, 1 Cal. R., p. 45.

The report of referees upon the facts of a case, will be considered
the same as the verdict of a jury. Walton v. Minturn, 1 Cal. Rep.,
p. 362.

Our statute concerning referees, is in aid of the common law rem-
edy by arbitration, and does not alter its principles. The Court will
not disturb the award of an arbitrator or report of a referee, unless
the error complained of, whether of law or fact, appear on the face of
the report or award.

Exception must be taken to the rulings of the referee during the
trial, and be certified by him. See Tyson v. Wells & Skinner, 2 Cal.
R., p. 122.

The report of a referee has, under the statute, the same legal
effect as the award of an arbitrator. His decision can only be set
aside for fraud, or gross error in law. If a report of a referee contain
sufficient whereon to base a decree, it is the duty of the Court below
to enter judgment in accordance with the report, so far as it concerns
the matter referred, and it has no right to entertain any objection

whatever. After the rendition of the judgment, the Court may award a new trial, and set aside the report, for any reason that would suffice to set aside an award of an arbitration, and for no other. Headly v. Reed, 2 Cal. R., 322. Hoagland v. Clay, Ib., 474. Methodist Episcopal Church of Little Falls v. Tryon, 2 How. Pr. R., 132. 1 Monell's Practice, 699, and sec. 6, p. 729. Also Eaton v. Benton, 2 Hill, 576. Keeler v. Firemen's Ins. Co., 3 Hill, 250.

Where there is evidence on both sides, upon a question of fact, the verdict of a jury, or report of a referee will not be set aside, on the ground that it is against the weight of evidence. Esterly v. Cole, 1 Barb Sup. Court R., 235.

A report of a referee, like the verdict of a jury, is, as a general rule conclusive, in a case of the conflict of evidence. Watkins v. Stevens, 4 Barb. S. C. R., 168. Douglass v. Tousey, 2 Wend., 352.

The report of a referee, like the verdict of a jury, is only to be set aside, when the finding is clearly against the weight of evidence, or where, upon the trial, some rule of evidence or principle of law has been violated." Green v. Brown, 3 Barb. S. C. R., 119.

The report of a referee is like the verdict of a jury. It is conclusive upon a question of fact where there is no decided preponderance of evidence in favor of the party against whom it is made. Baker v. Martin's Adm., 3 Barb. S. C. R., 634; also Quackenbush v. Ehle, 5 Barb. S. C. R., 469.

If there is any evidence upon a question of fact, on a hearing before referees, the report of the referee will not be disturbed on account of the decision made by the referee upon that question, whatever be the opinion of the Court, as to the weight of such evidence. Camp v. Culver, 5 Barb. S. C. R., 91. Spencer v. The Utica and Schenectady Railroad Co, 5 Barb. S. C. R., 337.

*Rowe & Dunn*, for Respondent.
No brief on file.

BRYAN, J., delivered the opinion of the Court.  HEYDENFELDT, J., concurred.

This cause was heard below upon a bill filed for an account, and a dissolution of co-partnership.  The matters of account were sent out under the order of Court to a referee, to report upon their condition, to take testimony, and report facts to the Court.  The referee reported a voluminous mass of testimony, somewhat contradictory in its character, his findings of the facts therefrom, and conclusions of law upon the same.

Exceptions were filed in Court to the findings of the referee, as being against the testimony, and upon the further ground that the referee had exceeded his powers in finding conclusions of law ; the Court set aside the report of the referee as far as it found the facts, and applied the law, and proceeded upon the testimony reported to find the facts for itself, and render a decree upon its own findings.  It is well settled, that a Court can interfere and set aside the report of a referee, upon the same ground as it will proceed to set aside the verdict of a jury ; so it has been held, that a Court of Chancery will set aside a report of a master or referee, not only where it is against the weight of evidence, " but where the facts of the case are various and intricate, and the matters involved are in doubt and obscurity." 1 Johnson's Cases, 280, and 1 Howard's Practice Reports, 144.

It was perfectly competent for the Judge sitting in the cause, where exceptions had been filed to the report of the referee upon the facts, (and the report had been set aside for cause shown,) to take up the testimony reported by the referee, find the facts, and render a decree in the cause.  There was no other course to pursue—except that the Court should either order a re-reference, or take the cause up itself, upon the testimony which had been taken, and decide upon it.  A Court of Equity had always the power when the report of a master was excepted to on account of its incorrect deduction of facts from the testimony, to, in its discretion, either refer the case back, or proceed upon the testimony reported, and find the facts, and render a decree accordingly.

Under our practice, the correctness of the order setting aside the report of facts found by the referee, if it was questioned and excepted

to, can be reviewed upon appeal after final judgment. The testimony taken does not satisfy us that the order setting aside the findings of facts by the referee was incorrect.

In a case where there is a large mass of contradictory evidence reported, as in this case, it will be presumed that the Court below weighed properly the evidence in setting aside the finding of facts, for the reason that they were against the weight of testimony. It is true, that the presumption is somewhat similar in favor of the correctness of a report of a referee, to that of a verdict of a jury ; but it is not for us to say, from testimony of the character given in this case, that there was not good ground for setting aside the report.

The Judge who heard the cause must be presumed to have exercised sound judgment and discretion in the premises. The findings of the Court will be taken to be correct, unless it clearly appears to the contrary.

We cannot discover, in the testimony sent up, such sufficient error in the proceedings and findings of the Court, as should lead us to disturb the decree.

Judgment affirmed, with costs.